James B. Skelton,                 ) C/A No.: 3:12-1891-MBS-JDA
*aka James Bennie Skelton,*     )
                              )
                 Plaintiff,     )
                              )
vs.                              ) Report and Recommendation
                              )
Daniel Eckstrom,             )
Lexington County Probate Court Judge,   )
                              )
                 Defendant.
_____

## **Background of this Case**

James B. Skelton, proceeding *pro se*, brings this civil action against the Honorable Daniel Eckstrom, who is the Probate Judge for Lexington County. The plaintiff resides at RAPHA Residential Care in Gaston, South Carolina. In the "STATEMENT OF CLAIM" portion of the complaint, the plaintiff alleges that he is a "prisoner of the probate system[.]" Plaintiff also claims he is being denied the right to "life, liberty, and the ability to be gainfully employed," and maintains the defendant is receiving "kickbacks" from a court appointed fiduciary who is "using [him] as a hostage." Plaintiff wants a federal grand jury to investigate the Lexington County probate system, and engage in a full background check of the defendant.

## **Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The review[1] has been conducted in light of the following

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). A litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Even under this less stringent standard, the pleading is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could

---

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

prevail, it should do so, but a district court may not rewrite a petition or complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's or petitioner's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

The Probate Court for Lexington County is a court in the State of South Carolina's unified judicial system. *See* Article V, Section 1 of the Constitution of the State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (1989); *Spartanburg County Dept. of Social Services v. Padgett*, 370 S.E.2d 872, 875-876 & n. 1 (1988); and *Cort Industries Corp. v. Swirl, Inc.*, 213 S.E.2d 445, 446 (1975).

Probate Judges, such as Judge Eckstrom, are judges in the State of South Carolina's unified judicial system. *See In re Former Newberry County Associate Probate Judge Allen*, 385 S.C. 506, 685 S.E.2d 612 (2009); *In re Anonymous Former Probate Judge*, 358 S.C. 1, 594 S.E.2d 473 (2004); *In the Matter of Brown*, 334 S.C. 44, 512 S.E.2d 114 (1999); *In the Matter of Johnson*, 302 S.C. 532, 397 S.E.2d 522 (1990); and *In the Matter of Parker*, 313 S.C. 47, 437 S.E.2d 37 (1993).

Longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by state court judges. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), where the

Supreme Court of the United States held that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257. *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This prohibition on review of state court proceedings or judgments by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine. *See*, *e.g.*, *Ivy Club v. Edwards*, 943 F.2d 270, 284 (3rd Cir. 1991). The *Rooker-Feldman* doctrine applies even when a challenge to a state court decision concerns a federal constitutional issue. *District of Columbia Court of Appeals v. Feldman*, *supra*, 460 U.S. at 484-486, and *Arthur v. Supreme Court of Iowa*, 709 F. Supp. 157, 160 (S.D.Iowa 1989). The *Rooker-Feldman* doctrine also applies even if the state court litigation has not reached a State's highest court. *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 & nn. 3-4 (9th Cir. 1986). *See also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); and *Robart Wood & Wire Products v. Namaco Industries, Inc*., 797 F.2d 176, 178 (4th Cir. 1986).

Thus, the plaintiff may not use a civil rights action to challenge the determinations or rulings of state courts, such as the Probate Court for Lexington County. *See Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); and *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986), where a *pro se* plaintiff brought a § 1983 action against his ex-wife, her attorney, and the judge who presided over the divorce action. The United States Court of Appeals for the Fifth Circuit held that characterization of a suit as a civil rights action is ineffective to defeat the well-settled rule that litigants may not obtain review of state court actions by

filing complaints in lower federal courts "cast in the form" of civil rights suits. *See also Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981); and *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969)(holding that federal district courts and United States Courts of Appeals have no appellate or supervisory authority over state courts). *Accord Hagerty v. Succession of Clement*, 749 F.2d 217, 219-220 (5th Cir. 1984)(collecting cases); *Kansas Association of Public Employees v. Kansas*, 737 F. Supp. 1153, 1154 (D. Kan. 1990).

This principle was reaffirmed in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 161 L.Ed.2d 454 (2005)(*Rooker-Feldman* doctrine applies only when the loser in state court suit files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself). *See also Davani v. Virginia Dept. of Transp.*, 434 F.3d 712 (4th Cir. 2006). Applying these recent holdings to the above-captioned matter, the plaintiff has now filed suit in federal district court seeking redress for injuries allegedly caused by the state court's decision itself. Thus, plaintiff's claim against Judge Eckstrom is also barred by the *Rooker-Feldman* doctrine.

Furthermore, Plaintiff's allegation that the defendant is receiving "kickbacks" from a court appointed fiduciary who is "using [him] as a hostage," is also plainly without merit, as this allegation is too conclusory to state a factually cognizable claim. Although the "liberal pleading requirements" of Rule 8(a) require a "short and plain"statement of the claim, the plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). Specifically, "[t]he presence [] of a few conclusory legal terms does not insulate a complaint from dismissal . . . when the facts alleged in the

complaint do not support the legal conclusion." *Id.* at 405 n.9 (internal quotation marks and citations omitted and alterations in original). Here, the plaintiff's allegations fail to give any facts related to the alleged claim and are, therefore, not sufficient to put the defendant on notice of the grounds upon which the plaintiff's claim rests. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (noting that *pro se* documents are to be liberally construed and that the complaint needs to give the defendant fair notice of what the claim is and the grounds upon which it rests). Thus, the complaint fails to state a claim upon which relief may be granted.

Finally, because the complaint contains no facts, it should be summarily dismissed because it is frivolous. *See Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (finding that a plaintiff proceeding *in forma pauperis* must meet minimum standards of specificity and rationality). *See also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (finding that the district court properly dismissed a complaint as frivolous where the plaintiff failed to provide "any factual allegations tending to support his bare assertion").

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.

s/Jacquelyn D. Austin
United States Magistrate Judge

July 13, 2012
Greenville, South Carolina

**_The Plaintiff's attention is directed to the important NOTICE on the next page_**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Room 239
300 East Washington St.
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).